Filed in Open Court
10/15/2025
Skyler B. O'Hara
By M. Deuter
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DAQUARON S. SOLIVAN,<br><br>　　　　Defendant. | Case No. 24-20086-HLT |

PLEA AGREEMENT

The United States of America, by and through Assistant United States Attorney, David P. Zabel, and Daquaron S. Solivan, the defendant, personally and by and through his counsel, Tim Burdick, hereby enter into the following Plea Agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

1.　**Defendant's Guilty Plea.** The defendant agrees to plead guilty to Count 1 of the Indictment (Doc. 1). Count 1 alleges felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1) and 924(a)(8). By entering into this plea agreement, the defendant admits to knowingly committing this offense, and to being guilty of this offense. The defendant understands that the maximum sentence which may be imposed as to Count 1 of the Indictment is not more than 15 years imprisonment, not more than a $250,000 fine, not more than 3 years of supervised release, and a $100 mandatory special assessment. The defendant agrees to the forfeiture of property as set out in paragraph 7.

2.　**Factual Basis for the Guilty Plea.** The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

In 2020, Daquaron S. Solivan, the defendant, was convicted of Drug User in Possession of a Firearm in United States District Court for the Western District of Missouri case number

Ver. 19-01

4:20-CR-00189-BP(1)), a crime punishable by imprisonment for a term exceeding one year. Defendant was sentenced to 41 months' imprisonment and, therefore, knew the offense was punishable by imprisonment for a term exceeding one year.

On August 18, 2024, at approximately 11:30 p.m., Kansas City, Kansas officers were dispatched regarding a caller reporting a black male armed with a firearm, wearing a hoodie & a ski mask near the Foxridge Apartments in Kansas City, Kansas. The caller reported this individual was accompanied by a Hispanic male who was wearing a red shirt. The caller believed these two individuals were looking for cars to steal or break into because there had been a lot of car thefts in the area lately. Upon arrival at the Foxridge Apartments parking lot, a police officer observed a black male, later identified as Daquaron S. Solivan, wearing black pants, a face mask covering his head, and a hoodie. The officer observed a large bulge underneath Solivan's hoodie, just above his waist. The officer began talking to Solivan, who stated he was hanging out with his friend, a Hispanic male who was wearing a red shirt, that lives in one of the apartment buildings. Officers were unable to find this person. An officer asked Solivan to show him the apartment where his friend lived and Solivan agreed to show officers. Prior to entering an apartment building with Solivan, an officer instructed Solivan to place his hands on top of his head so a pat-down search could be performed. Solivan then fled on foot. After a short chase, Solivan fell to the ground and was apprehended. Solivan had a cross-body bag attached to him. Solivan stated there was a gun in the bag and he had a federal warrant.

Officers searched the bag and located a Glock, Model 27, .40 caliber pistol, bearing serial number BSYR059. The pistol's magazine contained 15 live rounds—the capacity of the magazine—and there was a live round in the chamber. (This does not qualify as a "large capacity magazine" under U.S.S.G. § 2K2.1. *See* Application Note 2.) The cross-body bag also contained a Missouri I.D. card in Solivan's name. The pistol had been reported stolen from Kansas City, Missouri on February 26, 2023. A Bureau of Alcohol, Tobacco, and Firearms (ATF) interstate nexus expert determined the pistol was not manufactured in Kansas and, therefore, traveled in interstate nexus to arrive in Kansas prior to August 18, 2024.

3. **Application of the Sentencing Guidelines.** The parties understand that the Court will apply the United States Sentencing Guidelines (Guidelines) to calculate the applicable sentence and may impose a sentence consistent with the Guidelines. The defendant agrees to waive all constitutional challenges to the validity of the Guidelines. The defendant understands and acknowledges that the Court will find, by a preponderance of the evidence, the facts used to determine the offense level, and in making its findings, that the Court may consider any reliable evidence, including hearsay. Nothing in this section prevents the parties from filing objections to the Presentence Report prepared by the United States Probation Office, or from arguing the application of specific sections of the Guidelines. The parties agree that the Court will determine

2

the final Guideline range. The parties understand this Plea Agreement binds the parties only and does not bind the Court.

4. **Relevant Conduct.** The parties have agreed to the application of the Guidelines. Therefore, the defendant agrees that the conduct charged in any dismissed counts, as well as all other uncharged related criminal activity, will be considered as relevant conduct for purposes of calculating the offense level for the count of conviction, in accordance with United States Sentencing Guidelines (U.S.S.G.) § 1B1.3.

5. **Government's Agreements.** In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees:

(a) to not file any additional charges against the defendant arising out of the facts forming the basis for the Indictment;

(b) to allow the defendant to reserve the right to request a downward variance from the Guideline range determined by the Court and the government agrees to recommend a sentence no higher than the high end of the Guideline range determined by the Court; and

(c) to recommend the defendant receive a two (2) level reduction in the applicable offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility. In addition, if his offense level is 16 or greater, prior to any reduction for acceptance of responsibility, and the Court finds he qualifies for a two-level reduction, the United States will move at the time of sentencing for an additional one-level reduction for acceptance of responsibility because he timely notified the government of his intention to enter a plea of guilty.

The United States' obligations under this paragraph are contingent upon the defendant continuing to manifest an acceptance of responsibility. If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct the Court determines to be true, willfully obstructs or impedes the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempts to do so), or has engaged in additional criminal conduct, the United States reserves the right to petition the Court for a hearing to determine if he has breached this Plea Agreement.

If the Court finds by a preponderance of the evidence that the defendant (1) has breached or violated this Plea Agreement; (2) has willfully obstructed or impeded the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempted to do so); (3) has engaged in additional criminal conduct; or (4) has otherwise failed to adhere to this Plea Agreement's terms, the United States shall not be bound by this Paragraph, and may pursue any additional charges arising from the criminal activity under investigation, as well as any charges for any perjury, false statement, or obstruction of justice that may have occurred.

If the Court finds the defendant has violated this Plea Agreement, he understands and agrees that all statements he made, any testimony he gave before a grand jury or any tribunal, or any leads from such statements or testimony, shall be admissible against him in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule that pertains to the admissibility of any statements he made subsequent to this Plea Agreement.

6. **Sentence to be Determined by the Court.** The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot and has not made any promise or representation as to what sentence he will receive.

7. **Forfeiture of Assets.** The defendant knowingly and voluntarily agrees and consents to the forfeiture of the following property to the United States:

a. a Glock .40 caliber pistol, model 27, bearing serial number BSYR059; and

b. .40 caliber ammunition seized by the Kansas City, Kansas Police Department on August 18, 2024.

The defendant agrees that this property was used or involved in Count 1 of the Indictment. The defendant knowingly and voluntarily waives his right to a jury trial regarding the forfeiture of

4

the firearms and ammunition, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of this property. The defendant acknowledges and agrees that the forfeiture of this property shall not be deemed an alteration of his sentence or this agreement and shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. Additionally, the defendant agrees to the immediate entry of the Preliminary Order of Forfeiture and agrees to sign any and all documents necessary to effectuate the forfeiture and transfer of his interest and possession of the property identified in this paragraph to the United States prior to the imposition of sentence.

8. **Identification of Assets and Agreement Concerning Monetary Penalties (Restitution, Fines, Assessments) and Forfeiture.** The defendant agrees to cooperate fully with the United States Attorney's Office and specifically agrees as follows:

(a) Defendant agrees to execute a financial statement provided by the United States Attorney's Office and to update the statement with any material changes within 30 days of any such change. Defendant further agrees to provide all supporting documentation, including, but not limited, to copies of federal tax returns. The defendant agrees to disclose all assets in which defendant has any interest or which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, as well as any transfer of assets that has taken place within six years preceding the entry of the judgment in this criminal case. Additionally, the defendant agrees to periodically execute an updated financial statement at the request of the United States Attorney's Office until such time the judgment debt is paid in full.

(b) Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms for the United States to obtain tax information, bank account records, credit history, and social security information. Defendant agrees the United States Attorney's Office may subpoena any records it deems relevant to conduct a full financial investigation. Defendant agrees to discuss or answer any questions by the United States relating to its financial investigation.

(c) Defendant agrees to submit to an examination prior to and/or after sentencing, which may be taken under oath, and/or may include a polygraph examination.

(d) Defendant agrees that any waivers, consents, or releases executed for the United States Probation Office for purposes of preparation of the Presentence Report may

5

be provided to the United States Attorney's Office. All information defendant provided to the United States Probation Office or independently obtained by the United States Probation Office may be provided to the United States Attorney's Office.

(e) Defendant agrees not to encumber, transfer, or dispose of any monies, property, or assets under defendant's custody or control, without written approval from the United States Attorney's Office.

(f) Defendant agrees that whatever monetary penalties the Court imposes (including any fine, restitution, assessment, or forfeiture judgment), will be due and payable immediately and subject to immediate enforcement by the United States. Should the Court impose a schedule of payments, he agrees that the schedule of payments is a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If defendant is incarcerated, defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

(g) If defendant posted funds as security for defendant's appearance in this case, defendant authorizes the Court to release the funds to the Clerk of the United States District Court to be applied to the criminal monetary impositions at the time of sentencing.

(h) Defendant waives any requirement for demand of payment on any restitution, fine, assessment, or forfeiture judgment entered by this Court.

(i) Defendant agrees to notify the United States Attorney's Office within 30 days of any change of address or other contact information until the judgment debt is paid in full.

(j) Defendant agrees the terms of this agreement shall be incorporated into the Judgment in a Criminal Case.

(k) Defendant waives the administrative requirements of the Treasury Offset Program, including the requirement of default, and agrees to be immediately included in the Treasury Offset Program allowing federal benefits and payments to be offset and applied to the balance of criminal monetary penalties.

(l) Defendant agrees that noncompliance with any of the terms set forth in this paragraph will result in a continuance of the sentencing hearing.

9. **Withdrawal of Plea Not Permitted.** The defendant understands that if the Court accepts this Plea Agreement but imposes a sentence with which he does not agree, he will not be permitted to withdraw his guilty plea.

6

10. **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $100.00 per count of conviction will be entered against him at the time of sentencing. The defendant agrees to deliver to the Clerk of the United States District Court payment in the appropriate amount no later than the day of sentencing. The defendant has the burden of establishing an inability to pay the required special assessment. The parties acknowledge that if the Court finds the defendant is without resources to pay the special assessment at the time of sentencing, the Court may allow payment during his period of incarceration.

11. **Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein, including restitution, as well as the length and conditions of supervised release. The defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the conviction and sentence imposed. Except as set out in the second paragraph of this section, the defendant also waives any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court departs or varies upwards from the sentencing Guideline range that the Court determines to be applicable. However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a). Notwithstanding the foregoing waivers,

the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

12. **FOIA and Privacy Act Waiver.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552. The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

13. **Full Disclosure by United States.** The defendant understands the United States will provide to the Court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning his background, character, and conduct, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the count to which he is pleading guilty. The United States may respond to comments he or his attorney makes, or to positions he or his attorney takes, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this Plea Agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office.

14. **Parties to the Agreement.** The defendant understands this Plea Agreement binds only him and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

15. **Voluntariness of Guilty Plea.** The defendant has had sufficient time to discuss this case, the evidence, and this Plea Agreement with his attorney and he is fully satisfied with the

advice and representation his attorney provided. Further, the defendant acknowledges that he has read the Plea Agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this Plea Agreement supersedes any and all other agreements or negotiations between the parties, and unless subsequently supplemented in writing with the joint approval of the parties, this Plea Agreement embodies each and every term of the agreement between the parties. The defendant acknowledges that he is entering into this Plea Agreement and is pleading guilty because he is guilty. He further acknowledges that he is entering his guilty plea freely, voluntarily, and knowingly.

_____          Date: 10-14-25
David P. Zabel
Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas 66101
913-551-6730
913-551-6541 (fax)
David.Zabel@usdoj.gov
Kan. S. Ct. No. 17887

_____          Date: 10.14.25
D. Christopher Oakley
Supervisory Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas 66101
913-551-6730
913-551-6541 (fax)
Chris.Oakley@usdoj.gov
Kan. S. Ct. No. 19248

_____          Date: 10/15/25
Daquaron S. Solivan
Defendant

9

_/s/ Tim Burdick_  
Tim Burdick  
Assistant Federal Public Defender  
500 State Avenue, Suite 201  
Kansas City, Kansas 66101  
913-551-6943  
913-551-6562 (fax)  
Email: Tim_Burdick@fd.org  
Counsel for Defendant Solivan  
Dist. of Kan. No. 78152  

Date: 10/15/25